UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDREW BEAN & TIFFANY VISOR**

**CIVIL CASE NO.: 2:22-CV-1512**

**VERSUS**

**FEDNAT INSURANCE COMPANY**

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT through undersigned counsel comes Tiffany Visor and Andrew Bean ("Plaintiffs"), who respectfully represent:

1.

Made Defendant herein:

FEDNAT INSURANCE COMPANY ("Fednat"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiffs are citizens of the State of Louisiana. On information and belief, Fednat is a corporation formed and headquartered in the State of Florida. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Fednat issued the policy of insurance upon which this suit is based to the Plaintiffs, insuring their property located at 202 Aubrey Joseph Ln. Gray, LA 70359. This Court has personal jurisdiction over Fednat.

## CAUSES OF ACTION

6.

Fednat insured the Plaintiffs under Policy No. FNL084984805, which was in full force and effect on August 29, 2021.

7.

The Plaintiffs' home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about November 2, 2021, Fednat adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $59,275.26 after Plaintiffs' deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiffs' insured property.

9.

Fednat's adjustment of Plaintiffs' Ida claim is unreasonably low and unrealistic and gave Plaintiffs no opportunity to conduct the needed repairs caused by the storms.

10.

Plaintiffs provided Fednat, by Fedex, with an estimate from GLS & Associates, to repair the damages to their home from Ida in the amount of $370,481.14. Fednat received Plaintiffs'

estimate on April 26, 2022. Fednat has never responded in any form to Plaintiffs' estimate and proof of loss.

11.

Fednat had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms. Meanwhile, Plaintiffs await sufficient funds from Fednat to repair their home to its pre-storm condition. Their home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause." Fednat has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Fednat is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Fednat has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiffs by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiffs' damages. Fednat had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably

withheld an accurate and defensible accounting of the full extent of the damages caused by the storms.

14.

Fednat has failed to make a written offer to settle the full extent of the Plaintiffs' property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Fednat liable to the Plaintiffs for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

Fednat's failure to fairly and promptly adjust the full extent of the Plaintiffs' claim has caused them to suffer contractual and extra-contractual damages including but not limited to the, additional time delays, additional deterioration to their home that has occurred while waiting for Fednat to fairly pay their insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether they would have the funds necessary to repair their hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by Fednat's dilatory tactics and delays, the Plaintiffs are also owed their attorney's fees and costs.

16.

Fednat knew or should have known that its failure to timely pay the Plaintiffs' insurance claims prevented them from repairing their home, and it should have known that its failure to pay the Plaintiffs' claim would cause them grief, mental anguish, and worry.

17.

WHEREFORE, TIFFANY VISOR and ANDREW BEAN pray that there be judgment in their favor against FEDNAT INSURANCE COMPANY as follows:

(1) Finding Fednat liable to the Plaintiffs for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2) Awarding the Plaintiffs general damages caused by Fednat's breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

(5) Plaintiffs further pray for a trial by jury.

>Respectfully submitted,
>DEJEAN & NOLAND LAW OFFICE, LLC
>
>/s/ Erik R. Noland
>Erik R. Noland (#37245)
>FELIX "ANDY" DEJEAN IV (#25028)
>604 St Ferdinand St.
>Baton Rouge, LA 70802
>(225) 344-2639 - Telephone
>(225) 346-5252 – Facsimile
>erik@dejeannoland.com
>andy@dejeannoland.com
>*Attorneys for Tiffany Visor and Andrew Bean*

**SERVICE INSTRUCTIONS:**
**Fednat Insurance Company**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809